IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**
       **Plaintiff,**

vs.                                        No. 1:19-CR-01208-001-MV

**MATTHEW ROBERTSON,**
       **Defendant,**

## DEFENDANT'S OBJECTION TO PRESENTENCE REPORT, SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE

The Defendant, Matthew Robertson, by and through counsel, The Romero Law Firm P.A. (Román R. Romero), hereby respectfully submits the following objections to the Pre-sentence Investigation Report and this sentencing memorandum. The Defendant prays that the Court find the correct, advisory guideline calculation is a Base Offense Level of 8 and the Defendant's Criminal History Tabulation is 4, and that it imposes a sentence of time served with supervision. As grounds therefore, the Defendant states as follows:

**Procedural Background**

The Defendant was charged in a Criminal Complaint with Theft of a Firearm from a Federal Firearms Licensee, contrary to 18 U.S.C. §922(u) on October 26, 2018. The Defendant was in State custody on a different charge, and an arrest warrant was issued for his arrest on April 10, 2019. The Defendant was arraigned and waived his detention and preliminary hearings on April 11, 2019. In spite of the same, an indictment was filed on April 24, 2019, charging a violation of 18 U.S.C. §922(u). On June 14, 2019, the Defendant entered a plea of guilty in this matter without a plea agreement.

**Guideline Calculation and Objections to Pre-Sentence Report**

The 2018 Guidelines Manual refers the instant offense to Guideline §1B1.11. The Base Offense Level is 12. *See*, USSG §2K2(a)(7). However, the PSR incorrectly adds a six (6) level increase pursuant to USSG 2K2.1(a)(7). The 6-level bump applies, it argues, due to application note 14(B) of 2k2.1. Application Note 14(B) makes it clear, however, that the Defendant only receives a 6-level bump if the Defendant was involved in an "*other*" offense where he "finds and takes a firearm." *See*, USSG §2K2.1, Application Note 14(B). The Defendant in the case at bar has only been involved in one case his entire life that involves the taking of a firearm, and that is the instant case. Therefore, the 6-level increase that the PSR announces in Paragraph 20 of the PSR does not apply.

Mr. Robertson clearly demonstrated acceptance of responsibility for the instant offense, and thus, the offense level should be decreased two (2) levels pursuant to §3E1.1(a). In addition, the Defendant has assisted the authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. In turn, his offense level should be reduced another level. In turn, the Defendant's final, adjusted offense level should be 9.

The Defendant agrees that his Criminal history tabulation is established correctly in the PSR: the Defendant has one point for a Shoplifting charge in State Court from April, 2018, two (2) points from an Attempt to Commit a Felony (Forgery) case from July, 2018, and one-point from a Receiving and Transferring Stolen Motor Vehicles case from August of 2018. The Defendant's total criminal history is 4, resulting in Criminal History Category III.

With a Final Offense Level of 9 and a Criminal History tabulation of Category III, the Defendant faces an advisory guideline sentence of 8-14 months.

**LEGAL ARGUMENT**

Mr. Robertson respectfully requests that this Court sentence him to a period of incarceration of time served with some amount of supervision. 18 U.S.C. §3553(a)(1) requires that a sentence imposed in this matter take the nature and circumstances of the offense and the history and characteristics of the defendant into consideration.

Mr. Robertson accepts responsibility for his actions int his matter. He received advice of counsel, was afforded an opportunity to reflect on his actions and willfully, voluntarily, entered into a plea of guilty to the sole charge in this matter. His conviction in this matter is something he accepts, and acknowledges as unfortunate acts, but very real.

Simple it is, upon reviewing the Defendant's criminal history and conduct in the case at bar, to view Mr. Robertson solely through the lens of his criminal endeavors. However, his involvement in this matter and all other crimes were perfected to support his drug habit. They are wrongs that are easily recognizable as those that need to be punished.

However, outside of the guidelines are Congress' express command to consider the history and characteristics of the Defendant. *See*, 18 U.S.C. §3553(a)(1)  Mr. Robertson is a beloved son and father, who fell on hard times, and developed mental illness which resulted in him spiraling into depression and drug addiction. The person he was, his struggles with mental health, and what he means to his family are important considerations for this Court.

After considering "the history and characteristics of the defendant," the Defendant prays that this Court determine that Mr. Robertson should be sentenced to time-served, which is sufficient, but not greater than necessary, to comply with the sentencing goals of the federal justice system.

3

1. **The history and characteristics of Mr. Robertson warrant a sentence that is sufficient, but not greater than necessary, to comply with the purposes of 18. U.S.C. § 3553(a).**

Mr. Robertson was born in a poor community in Taos, New Mexico. His father, Andrew Gonzalez, divorced his mother prior to his birth, and he was moved to Albuquerque at the age of 5 until about 11 years of age. His mother moved the family to Florence, Colorado when Matthew was approximately 11 years of age. He remained in Colorado, until he moved to Albuquerque to attend TVI (now CNM) at the age of 22.

On April 23, 2008, the Defendant's mother died of an unexpected illness. She was a mental health counselor who was very close to Matthew. His sadness caused him to start using drugs to cope. He smoked marijuana, and drank heavily for quite some time thereafter. Then, on April 22, 2016, his step-father, Christopher Shorter, died of colon cancer. The Defendant was extremely close to Mr. Shorter too. Mr. Shorter was living with the Defendant and then in hospice when he died. This death coincided with the Defendant's ugly custody battle with his baby-mama and caused the Defendant to start using heavily again.

It is no secret that Mr. Robertson has had a substance abuse problem that he has battled with. His use of Marijuana, alcohol, meth and heroin caused his life to spiral irreparably out of control, ultimately causing him to engage in criminal conduct to support his habit. He started with drugs and his biological system became so used to them that there was no going back.

The Defendant has suffered for years from a variety of psychological disorders. He grew up with ADHD, and has been diagnosed with PTSD, anxiety and depression. He has requested a psychological assessment from probation that the Defendant notes would assist this Court in understanding his mental health situation.

The Defendant states that the greatest thing to happen to him was the was the birth of his son, Aiden Robertson. He spent lots of time with his son and looked forward to seeing him every

4

day.  When custody was awarded to his ex-girlfriend, he was abruptly cut out of the Defendant's life.  This was difficult for him.  It would mean the world to Matthew to be able to re-unite with his son early and often once he is out of custody and well.  The PSR correctly notes that the Defendant's father believes the Defendant is a great father that loves his son tremendously.

The Defendant is now 34 years of age, is a high school graduate and has an Associates Degree from TVI.  He is also a talented artist.  He had begun an apprenticeship to become a tattoo artist and was called upon several times to assist other artists with their artwork.  Mr. Robertson has multiple tattoos that are his own designs and has made lots of designs for others. The Defendant's goals are to get "mentally right," go back to school to finish his degree, and re-untie with his son.

The Defendant's psychological issues present challenges to sentencing that make his case outside of the heartland of the advisory guidelines.  His illnesses and addiction present challenges that are better served by counseling and supervision than warehousing.  He has proven that, when not sick, he can function in society without putting anyone or their property at risk.  Mr. Robertson can return to being a productive member of society should he no longer suffer from his mental illness disorders and the thralls of addiction.  Treatment and supervision could go a long way to ensuring that Mr. Robertson is successful at attaining his goals.

## **CONCLUSION**

Based on all the argument, facts and information outlined herein, Defendant argues that Mr. Robertson's history and characteristics justify the imposition of a time-served sentence with some amount of supervision.  A sentence of minimal incarceration would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  Mr. Robertson's time in jail has already made him appreciate the gravity of his offenses and the fact

that he must obey the laws of the United States. Lengthy incarceration is not necessary to achieve these purposes. Sentencing him to time served affords adequate deterrence because Mr. Robertson has expressed that he has no intention to commit additional crimes in the future because he wants to avoid returning to jail. Mr. Robertson has significant family incentives to abide by the law to: his son Aiden.

As for protecting the public from further crimes, the Defendant has expressed sincere acceptance of responsibility. He realizes that there is no excuse at law for his actions in this case but wishes that the Court understand how drug addiction can completely derail a life.

WHEREFORE, Defendant respectfully requests that this Court sentence him to time served in this matter with some amount of supervision. This sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553.

                                                Respectfully Submitted

By:      /s/

ROMAN R. ROMERO
Attorney for Matthew Robertson
The Romero Law Firm, P.A.
1001 5th St. NW
Albuquerque, NM 87102
(505) 345-9616
rromero@romerolawfirm.com

CERTIFICATE OF SERVICE

I Hereby certify that on October 21, 2019, I filed the foregoing document electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic filing.

                                                /s/ *Roman R. Romero*
                                                ROMAN R. ROMERO